NO. 07-10-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 2, 2011

_____

CHRISTOPHER JAMES HARPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 54TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2009-1389-C2; HONORABLE MATT JOHNSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of guilty, Appellant, Christopher James Harper, was convicted of possession of marihuana in an amount of more than four ounces but less than five pounds, a state jail felony.[1]  By a sole point of error, he challenges the trial court's order denying his motion to suppress.

_____

[1]Tex. Health & Safety Code Ann. § 481.121(b)(3) (West 2010).

## Background

Appellant was a passenger in a vehicle that was stopped for a defective brake light by Corporal Bouse, an officer with the City of Woodway. He testified that he immediately detected the odor of an alcoholic beverage emanating from the vehicle. He assured the driver that if everything checked out, he would only issue a warning. The driver was asked to exit the vehicle and Corporal Bouse then conducted a warrants check on the driver and his passenger, the Appellant. He discovered the driver was operating a vehicle with an expired and suspended license and that Appellant's license was also expired and he had a history of drug charges. Backup was called and Appellant was also removed from the vehicle.

According to Corporal Bouse, Appellant admitted consuming approximately five beers, and there was an open container beside the passenger seat. When threatened with a probable cause search of the vehicle and asked by Corporal Bouse if anything else would be found, Appellant admitted there was marihuana in the vehicle. At this point, Appellant was placed in handcuffs. After a cursory search of the vehicle for contraband which could possibly injure the drug detection canine, Corporal Bouse ran the dog around the car and it alerted under the passenger seat. A large bag containing marihuana was discovered as well as a small marihuana cigarette.

Appellant was charged with intentionally and knowingly possessing a usable quantity of marihuana. A motion to suppress all evidence was filed alleging an unlawful, warrantless search and seizure. The only witness to testify at the hearing was Corporal Bouse. The trial court denied the motion to suppress and Appellant pleaded guilty to

the offense, was convicted, and sentenced to fifteen months in a state jail facility. The trial court gave Appellant permission to appeal the pretrial ruling.

The order denying the motion to suppress was signed on January 22, 2010, and Appellant timely filed a Request for Findings of Fact and Conclusions of Law on February 8, 2010.[2] None, however, were ever filed.

**Analysis**

In *Cullen v. State*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006), the Court held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." Those findings of fact and conclusions of law must be adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts. *Id.* The findings need to be recorded in some way, whether written and filed or stated on the record. *Id.*

The reporter's record of the suppression hearing in the underlying case does not contain any statements on the record that could be considered findings by the trial court. Consequently, we abate this appeal and remand the cause to the trial court for the filing of findings of fact and conclusions of law as required by *Cullen*. We direct the Honorable Matt Johnson, Presiding Judge of the 54th District Court of McLennan County, to make and file his findings on or before March 1, 2011. Those findings and conclusions shall be included in either a supplemental reporter's record or a supplemental clerk's record to be filed with the Clerk of this Court on or before March

---

[2]In *Cullen v. State*, 195 S.W.3d 696, 699 (Tex.Crim.App. 2006), the Court looked to Rule 297 of the Texas Rules of Civil Procedure for guidance.

3

15, 2011. On the filing of this supplemental record, the appellate record will be complete.

If Appellant determines, after reviewing the trial court's findings and conclusions, that he should amend or supplement his brief, his amended or supplemental brief will be due thirty days after the supplemental record is filed. Tex. R. App. P. 38.6(a). If Appellant files an amended or supplemental brief, the State will have thirty days thereafter to file a responsive brief.

Per Curiam

Do not publish.